UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | CASE NO: 1:10-cv-02364-OWW-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CASE WITHOUT PREJUDICE DUE TO FAILURE TO EXHAUST, SEC. 1915(g) AND RULE 11(b)(3) VIOLATION |
| v. | |
| LARRY DILEO, et al., | |
| | (Docs. 1, 4) |
| Defendants. | |

Horace Bell ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 20, 2010, Plaintiff filed his original complaint. On January 3, 2011, the Court issued an order to show cause as to why this action should not be dismissed due to Plaintiff's apparent failure to exhaust administrative remedies, violation of rule 11(b)(3) of the Federal Rules of Civil Procedure and accumulation of three strikes under 28 U.S.C. § 1915(g). (Doc. 4). On January 14, 2011, and February 22, 2011, Plaintiff filed responses to the order to show cause. (Docs. 10, 11).

**I. Exhaustion Requirement**

On page two of the form complaint, Plaintiff alleges that there is a grievance procedure available at his institution, but that the grievance process is not completed due to delay in processing the appeals. (Doc. 1, at p. 2). Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal

1

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211-12 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524). Plaintiff states in his complaint that he has not exhausted administrative remedies because of "delay in processing by health care appeals." However, "[a]ll 'available' remedies must . . . be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*

*v. Churner*, 532 U.S. 731, 739 n.5); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

In response to the order to show cause, Plaintiff asserts that "all of Plaintiff's efforts proved futile." (Doc. 11). Among his attached documents, Plaintiff submits a response from the health care appeals coordinator dated December 16, 2010, which states that Plaintiff's original administrative appeal was still being reviewed. (Doc. 11, at p. 9). Plaintiff has not exhausted his administrative remedies prior to filing this suit, nor has Plaintiff demonstrated that he falls within any exception to the exhaustion requirement. *See, e.g.*, *Sapp v. Kimbrell*, 623 F.3d 813, 827 (citing *Woodford v. Ngo*, 548 U.S. 81, 126). Therefore, the Court recommends dismissing this action without prejudice due to Plaintiff's failure to exhaust his administrative remedies.

**II. Three Strikes**

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Determining whether Plaintiff's actions and appeals count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).[1]

A review of the record of actions and appeals filed by Plaintiff in the United States District Court and in the Ninth Circuit reveals that Plaintiff filed three or more actions or appeals that were

---

[1] Plaintiff demonstrates a pattern of abusive litigation practices to the point that Plaintiff's litigation history in totality may be described as malicious and/or frivolous. Plaintiff has on more than one occasion brought an action to the point of trial and then failed to prosecute the case. In *Thomas v. Barrett*, 2:94-cv-02264-JMI-SH, Plaintiff litigated the case until the pretrial conference and on May 16, 1995, the action was dismissed for failure to prosecute. In *Bell v. Scicluna*, 2:95-cv-02217, after litigating the case for nearly four years, the Plaintiff refused to attend the trial confirmation hearing and stated to the court that he refused to testify and sought to withdraw his complaint. *Bell v. Scicluna*, 2:95-cv-02217 (Doc. # 101, Findings and Recommendations, May 5, 1999). The action was ultimately dismissed on July 13, 1999, for failure to prosecute.

3

dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. The Court takes judicial notice that Plaintiff has two prior actions dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) for not stating a cognizable claim under section 1983. Those cases are: *Bell v. Harrington, et al.*, 2:09-cv-08808-UA-RC (PC) (C.D. Cal.) (dismissed December 30, 2009, for failure to state a claim under *Heck*) (strike one) and *Bell v. Harrington, et al.*, 2:10-cv-00421-UA-RC (PC) (C.D. Cal.) (dismissed February 24, 2010, for failure to state a claim under *Heck*) (strike 2). The Court finds that a dismissal pursuant to *Heck* counts as a strike under 28 U.S.C. § 1915(g). The Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Additionally, several other courts have held that dismissals under *Heck* count as strikes under 28 U.S.C. § 1915(g). *See e.g.*, *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim.").

Moreover, a prisoner's claims are considered frivolous if it "merely repeats pending or previously litigated claims." *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)). Therefore, the Court finds that *Bell v. Harrington*, 2:10-cv-00421, was merely duplicative of *Bell v. Harrington*, 2:09-cv-08808, which was dismissed for failure to state a claim and thus the action is also frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). In response to the Court's order to show cause, Plaintiff confuses the issue presented and argues that this current case is not duplicative, when the Court observed that *Bell v. Harrington, et al.*, 2:10-cv-00421, was duplicative. Additionally, Plaintiff's argument does not address the Court's finding that *Bell v. Harrington*, 2:10-cv-00421 counts as a strike for failure to state a claim under *Heck*.

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g). However, a court is to carefully evaluate the substance of the dismissal and where the merits of the claim have been determined to be frivolous or malicious, it counts as a strike. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (interpreting the term "dismissed" under section 1915(g) to include when

a trial court denies request to file an action without prepayment of the filing fee on the ground that complaint if frivolous and then subsequently terminates the complaint).  Moreover, section 1915(e)(2) requires appellate courts to dismiss all frivolous appeals. 28 U.S.C. 1915(e)(2); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007).

The Court finds that the following appellate cases: *Bell v. Flippo, et al.*, No. 10-15186 (9th Cir. 2010) (dismissed June 2, 2010) (strike 3) and *Bell v. Shapiro*, *et al.*, No. 10-55278 (9th Cir. 2010) (dismissed July 13, 2010) (strike 4), were frivolous appeals and they count as strikes under Section 1915(g).  In an order dated April 16, 2010, the appellate court in *Flippo* denied Plaintiff's motion to proceed in forma pauperis due to finding the appeal frivolous.  On June 2, 2010, Plaintiff's appeal was dismissed for failure to prosecute.  Similarly in *Shapiro*, the appellate court found in its order dated June 12, 2010, that the appeal was frivolous and consequently denied Plaintiff's motion to proceed in forma pauperis.  Since Plaintiff failed to timely submit payment for filing fee for his frivolous appeal, on July 13, 2010, the appellate court dismissed the case for failure to prosecute.

The Court also counts *Bell v. Torres, et al.,* 2:10-cv-07488-UA (dismissed on October 22, 2010) (strike 5) as a strike for failure to state a claim.  *See O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  In *Torres*, the court denied leave to file action without prepayment of filing fee due to an inadequate showing of indigency and for failure to state a claim since Plaintiff sought to bring a claim against the California Attorney General who was not subject to suit and the court clerk for the Los Angeles County Superior Court who was found to be immune for actions within the scope of the clerk's duties.  The Court also found that Plaintiff "failed to set forth any facts stating that any defendant took any action that caused any constitutional injury."  *Bell v. Torres, et al.*, 2:10-cv-07488-UA.

Plaintiff does not advance any arguments or evidence to demonstrate that the above discussed cases should count as strikes under § 1915(g). *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir.2005); *Morris v. Woodford*, 224 Fed.Appx. 718 (9th Cir. 2007) (after being placed on notice of potential disqualification under § 1915(g), pro se plaintiff bears the burden to persuade court that § 1915(g) does not preclude in forma pauperis status).  Therefore, the Court finds that Plaintiff became

subject to section 1915(g) on June 2, 2010.

In Plaintiff's response to the order to show cause, Plaintiff states that he is in imminent danger of serious physical injury because he suffers from type II diabetes, chronic pain in the lumbar region and numbness of lower extremities. (Doc. 10). Without stating more, Plaintiff concludes that without intervention he will be paralyzed or die. (Doc. 10). These vague and conclusory allegations do not demonstrate that Plaintiff is in imminent danger of serious physical injury. As Plaintiff is subject to section 1915(g) and was not, at the time the complaint is filed, under imminent danger of serious physical injury, the Court finds that Plaintiff is precluded from proceeding in forma pauperis and the case should be dismissed without prejudice.

Dismissal for denial of in forma pauperis status is consistent with the conclusions reached in at least three other circuits. In *Dupree v. Palmer*, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he initiates the suit." *Id.* at 1236 (emphasis in original). The Fifth and Sixth Circuits follows the Eleventh Circuit's rationale. *See Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996); *In re Alea*, 286 F.3d 378 (6th Cir. 2002). Moreover, this District has adopted this approach. *See, e.g.*, *Stephens v. Rivera*, 2011 U.S. Dist. LEXIS 19758 at * 4-5 (E.D. Cal. Feb. 10, 2011); *Peralta v. Martel*, 2011 U.S. Dist. LEXIS 9503 at *11 (E.D. Cal. Jan. 31, 2011); *Miller v. Keating*, 2011 U.S. Dist. LEXIS 7096 at *5 (E.D. Cal. Jan. 24, 2011).

**III. Rule 11(b)**

Rule 11(b) (3) of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ.P. 11(b)(3). Plaintiff argues that the misrepresentation was a result of his inability to access the majority of his litigation materials which are with an attorney. (Doc. 10). However,

6

Plaintiff's assertion of inability to access information regarding his litigation history contradicts the fact that he was receiving and submitting court documents in seven other cases within the same time frame of filing this instant action.[2] Moreover, the Court takes judicial notice of the two other cases before this Court where Plaintiff has also misrepresented his litigation history to the Court by stating that he had only one previous or currently pending action: *Bell v. Romero, et al.*, 1:09-cv-02014-OWW-GBC (Doc. 6) and *Bell v. Dikin, et al.,* 1:10-cv-01346-GBC (Doc. 1).

Plaintiff's explanation does not demonstrate that Plaintiff exercised good faith to try to provide accurate information to the court. Plaintiff could have given an estimate of his previous actions or at least gave information of the seven actions that he was currently litigating. The Court finds that Plaintiff sought to intentionally mislead the court by stating that the number of previous lawsuits was "unavailable" and listing details from only one case, when, at the time of filing the complaint in this action: 1) Plaintiff has filed over twenty § 1983 actions and fifteen habeas petitions as a pro se prisoner under the prisoner number "J-42454"; and 2) Plaintiff was actively litigating seven cases in the Eastern District Court at the time when he filed this instant action.

Plaintiff's failure to provide information about previous lawsuits interferes with the Court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal sanction warranted when deliberate deception undermines integrity of judicial proceedings); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

It is apparent from Plaintiff's history of litigation and the fact that he is pursuing multiple cases in this Court that his misrepresentation in his complaint regarding the number of prior and pending cases filed is willful and in bad faith. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). As Plaintiff is proceeding in forma pauperis, the

---

[2] At the time Plaintiff filed the complaint in this action, he was actively litigating the following cases: *Bell v. Harringon, et al.*, 2:09-cv-02426-JAM-EFB; *Bell v. Lopez, et al.*, 1:10-cv-01762-SKO; *Bell v. Kurz, et al.*, 1:10-cv-00310-LJO -SMS; *Bell v. Dikin, et al.*, 1:10-cv-01346-OWW-GBC; *Bell v. Romero, et al.*, 1:09-cv-02014-OWW-GBC; Bell v. Department of Corrections and Rehabilitation, 1:10-cv-00770-LJO-MJS; *Bell v. Harrington*, 1:10-cv-00852-LJO-SKO.

Court finds that monetary sanctions would be inappropriate and that the appropriate sanction for violating Rule 11(b)(3) is to dismiss the case without prejudice. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994).

In the order to show cause, the Court also observed that Plaintiff filed this action under what appeared to be an alias name "Horace Bell" when, in fact, his true name is "Horace Thomas."[3] Plaintiff has failed to address how the Court in *Bell v. Harrington*, 2:10-cv-03599, reached the conclusion that Plaintiff's true name is "Horace Thomas," nor did Plaintiff submit any documentation to establish his identity. In his response, Plaintiff states that he has served a prison term under an alternate name of "Horace Thomas" (CDCR number B-77278), however, Plaintiff asserts that his true name is Horace Bell. (Doc. 10 at pp. 3-4). Although Plaintiff states that he is unable to readily obtain a birth certificate as documentation to prove his real name, Plaintiff did not address his ability to provide other forms of identification such as a state issued identification card, driver's license, social security card or passport. Nevertheless, since the Court has found a Rule 11(b)(3) violation based on Plaintiff's misrepresentation regarding previous and pending litigation, the Court will not reach whether Plaintiff should be granted more time to obtain documentation to prove his identity and will not will not reach whether Plaintiff misrepresented his identity in this action.

**IV. Conclusion**

Because Plaintiff has not exhausted his administrative remedies, Plaintiff has on three prior occasions brought civil actions and appeals that have been dismissed as frivolous or for failure to state a claim and that Plaintiff has violated Rule 11(b)(3) of the Federal Rules of Civil Procedure, the Court HEREBY RECOMMENDS:

---

[3] In its order to show cause, the Court took judicial notice of *Bell v. Harrington et al.*, 2:10-cv-03599 (C.D. May 20, 2010) where the court noted the alias and real names of Plaintiff. See also *Thomas, et al v. Johnson, et al.*, 2:94-cv-01497-JMI -RC (filed under "Horace Thomas" and acknowledged the alias of "Horace Bell" with the same prisoner number of J-42454); *Thomas v. George Trusdel, et al.*, 2:94-cv-07575-UA (filed under "Horace Thomas" and acknowledged the alias of "Horace Bell"); *Thomas v. Barrett, et al.*, (filed under "Horace Thomas" and acknowledged the alias of "Horace Bell").

1. Plaintiff's action should be DISMISSED WITHOUT PREJUDICE for: failure to exhaust administrative remedies; for falling under 28 U.S.C. § 1915(g) and thus being preclude from proceeding in forma pauperis; and for violating Rule 11(b)(3) of the Federal Rules of Civil Procedure.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     April 4, 2011

UNITED STATES MAGISTRATE JUDGE